# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARKET PLATFORM DYNAMICS, INC., <br><br> Plaintiff, <br> v. <br><br> CARDLYTICS, INC., <br><br> Defendant. | Case No. 1:11-cv-11386 |

**DEFENDANT'S ANSWER AND DEFENSES TO THE SECOND AMENDED COMPLAINT**

Defendant Cardlytics, Inc. ("Cardlytics") hereby answers the Second Amended Complaint of Plaintiff Market Platform Dynamics, Inc. ("MPD") filed on December 16, 2013, and without assuming the burden of proof or persuasion where it otherwise lies with MPD, shows the Court as follows:

**FIRST DEFENSE**

The Second Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Second Amended Complaint fails to plead sufficient facts to demonstrate that Cardlytics is liable for the claims set forth in the Second Amended Complaint.

**THIRD DEFENSE**

The injuries and damages alleged in the Second Amended Complaint were not proximately caused by any acts of Cardlytics.

**FOURTH DEFENSE**

MPD's claims are barred, in whole or in part, based upon the doctrine of estoppel.

1

**FIFTH DEFENSE**

MPD's claims are barred, in whole or in part, because MPD did not perform under the Consulting Agreement.

**SIXTH DEFENSE**

MPD's claims are barred, in whole or in part, because Cardlytics has already fully performed under the Advisory Board Agreement.

**SEVENTH DEFENSE**

MPD's claim for expenses under the Reseller Agreement is barred under the terms of the Reseller Agreement.

**EIGHTH DEFENSE**

MPD's claim for expenses under the Reseller Agreement is barred because of the arbitration provision of the Reseller Agreement, which states that all disputes under the Reseller Agreement "shall be submitted to the American Arbitration Association . . . for resolution before a panel consisting of three (3) arbitrators . . . ."

**NINTH DEFENSE**

MPD's claims are barred because Cardlytics did not breach any contract, duty, or obligation, and did not commit any wrongful act.

**TENTH DEFENSE**

MPD's claims for quantum meruit and unjust enrichment are barred to the extent that a valid contract covers the subject matter of the dispute.

**ELEVENTH DEFENSE**

Cardlytics hereby gives notice that it intend to rely upon these and any other affirmative defenses as may become available or apparent during this litigation and thus reserve the right to amend its Answer to assert such defenses.

**TWELFTH DEFENSE**

Cardlytics further responds to the individual sections and the individually numbered paragraphs of the Second Amended Complaint as follows:

1. Cardlytics admits that MPD brings this action and seeks the referenced relief. Cardlytics denies that MPD's allegations state any viable claims against Cardlytics and further denies that MPD is entitled to any relief against Cardlytics. Except as expressly admitted herein, Cardlytics denies any remaining allegations contained in Paragraph 1 of the Second Amended Complaint.

PARTIES, JURISDICTION AND VENUE

2. Cardlytics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Second Amended Complaint, which therefore stand denied.

3. Cardlytics admits that it has an office in Atlanta, Georgia. Except as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 3 of the Second Amended Complaint.

FACTS COMMON TO ALL COUNTS

4. Cardlytics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Second Amended Complaint, which therefore stand denied.

5. Cardlytics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint, which therefore stand denied.

6. Cardlytics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Second Amended Complaint, which therefore stand denied.

7. Cardlytics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Second Amended Complaint, which therefore stand denied.

8. Cardlytics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Second Amended Complaint, which therefore stand denied.

9. Cardlytics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Second Amended Complaint, which therefore stand denied.

10. Cardlytics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Second Amended Complaint, which therefore stand denied.

11. Cardlytics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Second Amended Complaint, which therefore stand denied.

12. Cardlytics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Second Amended Complaint, which therefore stand denied.

13. Admitted.

14. Cardlytics admits that it is the leading platform enabling advertising offers inside of bank accounts. Cardlytics further admits that through this platform, banks run offers on behalf of advertisers in consumers' transaction statements targeted against actual card purchases. Except as expressly admitted, Cardlytics denies the remaining allegations contained in in Paragraph 14 of the Second Amended Complaint.

15. Cardlytics denies that MPD has accurately and completely described Cardlytics' business model. Cardlytics denies the remaining allegations contained in Paragraph 15 of the Second Amended Complaint.

16. Cardlytics admits that in or about March 2008, Scott Grimes ("Grimes") and Lynne Laube ("Laube") met with David Evans ("Evans") and Karen Webster ("Webster"). Except as expressly admitted, Cardlytics denies the remaining allegations contained in in Paragraph 16 of the Second Amended Complaint.

17. Cardlytics states that any email from Grimes to Webster on or about March 11, 2008 speaks for itself. Cardlytics denies any remaining allegations contained in Paragraph 17 of the Complaint.

18. Cardlytics admits that Cardlytics and MPD entered into a reseller agreement. Cardlytics states that the reseller agreement speaks for itself. Cardlytics admits that Evans entered into an advisory board agreement with Cardlytics. Cardlytics states that the advisory

board agreement speaks for itself. Except as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a legal conclusion to which no response is required.

## The Consulting Agreement

20. Cardlytics denies the allegations contained in Paragraph 20 of the Second Amended Complaint.

21. Cardlytics states that any email from Grimes to Evans on or about April 6, 2008 speaks for itself. Cardlytics denies any remaining allegations contained in Paragraph 21 of the Second Amended Complaint.

22. Cardlytics states that any email from by Grimes to Evans on or about April 6, 2008 speaks for itself. Cardlytics denies that that the Consulting Agreement attached as Exhibit A to the Second Amended Complaint is a true and accurate copy of the final Consulting Agreement between MPD and Cardlytics. Cardlytics states that the Consulting Agreement that is attached as Exhibit A to the Second Amended Complaint speaks for itself. Cardlytics denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Cardlytics states that the Consulting Agreement that is attached as Exhibit A to the Second Amended Complaint speaks for itself. Cardlytics denies the remaining allegations contained in Paragraph 23 of the Second Amended Complaint.

24. Cardlytics states that Consulting Agreement that is attached as Exhibit A to the Second Amended Complaint speaks for itself. Cardlytics denies the remaining allegations contained in Paragraph 24 of the Second Amended Complaint.

25. Cardlytics states that the Consulting Agreement that is attached as Exhibit A to the Second Amended Complaint speaks for itself. Cardlytics denies the remaining allegations contained in Paragraph 25 of the Second Amended Complaint.

26. Cardlytics states that the Consulting Agreement that is attached as Exhibit A to the Second Amended Complaint speaks for itself. Cardlytics denies the remaining allegations contained in Paragraph 26 of the Second Amended Complaint.

27. Cardlytics states that any email from Grimes to Webster and Evans on or about April 11, 2008 speaks for itself. Cardlytics denies any remaining allegations contained in Paragraph 27 of the Second Amended Complaint.

28. Cardlytics states that any email from Grimes to Evans on or about May 16, 2008 speaks for itself. Cardlytics denies that MPD performed for Cardlytics under any consulting agreement. Cardlytics denies the remaining allegations contained in Paragraph 28 of the Second Amended Complaint.

29. Cardlytics states that any email from Grimes to Evans on or about September 4, 2008 speaks for itself. Cardlytics denies any remaining allegations contained in Paragraph 29 of the Second Amended Complaint.

30. Cardlytics denies the allegations contained in Paragraph 30 of the Complaint.

31. Cardlytics denies the allegations contained in Paragraph 31 of the Complaint.

32. Cardlytics admits that on or about August 27, 2008, MPD presented Cardlytics with an invoice. Except as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 32 of the Second Amended Complaint.

33. Cardlytics denies the allegations contained in Paragraph 33 of the Second Amended Complaint.

34. Cardlytics admits that the Consulting Services Invoice contained errors. Except as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 34 of the Second Amended Complaint.

35. Cardlytics admits that the expenses shown on the invoice were not incurred pursuant to the Consulting Agreement. Except as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 35 of the Second Amended Complaint.

<u>The Advisory Board Agreement</u>

36. Cardlytics admits that Evans and Cardlytics entered into an advisory board agreement. Except as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 36 of the Second Amended Complaint.

37. Cardlytics denies the allegations contained in Paragraph 37 of the Second Amended Complaint.

38. Cardlytics states that the advisory board agreement speaks for itself.

39. Cardlytics admits that Evans performed certain services under the advisory board agreement. Except as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 39 of the Second Amended Complaint.

40. Cardlytics states that the advisory board agreement speaks for itself. Cardlytics admits that Cardlytics issued 141,480 shares of stock to Evans. Except as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 40 of the Second Amended Complaint.

<u>The Reseller Agreement</u>

41. Cardlytics admits that Cardlytics and MPD entered into a reseller agreement ("Reseller Agreement.") Cardlytics states that the Reseller Agreement speaks for itself. Except

as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 41 of the Second Amended Complaint.

42. Cardlytics states that the Reseller Agreement speaks for itself. Cardlytics denies any remaining allegations contained in Paragraph 42 of the Second Amended Complaint.

<u>The Defendant's Bad Faith Actions</u>

43. Cardlytics states that any email from Evans to Laube on or about April 16, 2010 speaks for itself. Cardlytics denies the remaining allegations contained in Paragraph 43 of the Second Amended Complaint.

44. Cardlytics states that any email from Grimes to Evans on or about April 16, 2010 speaks for itself. Cardlytics denies the remaining allegations contained in Paragraph 44 of the Second Amended Complaint.

45. Cardlytics state that any email from Grimes to Evans on or about April 16, 2010 speaks for itself. Cardlytics denies the remaining allegations contained in Paragraph 45 of the Second Amended Complaint.

46. Cardlytics states that any email from Grimes to Evans on or about April 16, 2010 speaks for itself. Cardlytics denies the remaining allegations contained in Paragraph 46 of the Second Amended Complaint.

47. Cardlytics admits that it provided Evans with documents related to the stock options in or about February 2011. Cardlytics also admits that it subsequently provided Evans with stock certificates. Except as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 47 of the Second Amended Complaint.

48. Cardlytics admits that Evans exercised his stock options in or about March 2011. Except as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 48 of the Second Amended Complaint.

49. Cardlytics admits that a true and accurate copy of a letter sent by MPD's counsel and dated April 18, 2011 is attached as Exhibit B to the Second Amended Complaint. Cardlytics states that the letter speaks for itself. Except as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 49 of the Second Amended Complaint.

50. Cardlytics states that any email from Grimes to MPD's counsel on or about May 10, 2011 speaks for itself. Cardlytics denies the remaining allegations contained in Paragraph 50 of the Second Amended Complaint.

51. Cardlytics denies the allegations contained in Paragraph 51 of the Second Amended Complaint.

52. Cardlytics denies the allegations contained in Paragraph 52 of the Second Amended Complaint.

53. Cardlytics denies the allegations contained in Paragraph 53 of the Second Amended Complaint.

54. Cardlytics admits that Capital One previously hired MPD. Except as expressly admitted, Cardlytics denies the remaining allegations contained in Paragraph 49 of the Second Amended Complaint.

55. Cardlytics denies that MPD performed for Cardlytics under any consulting agreement. Cardlytics denies any remaining allegations contained in Paragraph 55 of the Second Amended Complaint.

56. Cardlytics denies the allegations contained in Paragraph 56 of the Second Amended Complaint.

57. Cardlytics denies the allegations contained in Paragraph 57 of the Second Amended Complaint.

## COUNT ONE
(Breach of Contract)

58. Cardlytics hereby incorporates by reference its responses to all previous paragraphs of the Second Amended Complaint.

59. Cardlytics denies the allegations contained in Paragraph 59 of the Second Amended Complaint.

60. Cardlytics denies the allegations contained in Paragraph 60 of the Second Amended Complaint.

61. Cardlytics denies the allegations contained in Paragraph 61 of the Second Amended Complaint.

62. Cardlytics denies the allegations contained in Paragraph 62 of the Second Amended Complaint.

## COUNT TWO
(Breach of Implied Covenant of Good Faith and Fair Dealing)

63. Cardlytics hereby incorporates by reference its responses to all previous paragraphs of the Second Amended Complaint.

64. Cardlytics denies the allegations contained in Paragraph 63 of the Second Amended Complaint.

65. Cardlytics denies the allegations contained in Paragraph 64 of the Second Amended Complaint.

## COUNT THREE
(Quantum Meruit)

66. Cardlytics hereby incorporates by reference its responses to all previous paragraphs of the Second Amended Complaint.

67. Cardlytics deny the allegations contained in Paragraph 67 of the Complaint.

## COUNT FOUR
(Unjust Enrichment)

68. Cardlytics hereby incorporates by reference its responses to all previous paragraphs of the Second Amended Complaint.

69. Cardlytics denies the allegations contained in Paragraph 69 of the Second Amended Complaint.

70. Cardlytics denies the allegations contained in Paragraph 70 of the Second Amended Complaint.

## COUNT FIVE
(Declaratory Judgment)

71. Cardlytics hereby incorporates by reference its responses to all previous paragraphs of the Second Amended Complaint.

72. Paragraph 72 of the Second Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Cardlytics denies the allegations contained in Paragraph 72 of the Second Amended Complaint.

73. Paragraph 73 of the Second Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Cardlytics denies the allegations contained in Paragraph 73 of the Second Amended Complaint.

## RELIEF REQUESTED

These paragraphs set forth the statement of relief requested by MPD, to which no response is required. To the extent a response is required, Cardlytics denies any allegations contained therein. Cardlytics denies that MPD is entitled to any of the requested relief or any other relief.

**WHEREFORE**, Cardlytics denies that it is liable to MPD for any of the relief prayed for in the Second Amended Complaint and denies each and every allegation contained within the Second Amended Complaint not specifically admitted in this Answer. Cardlytics pray for the following relief on the basis of their Answer:

(a) that Cardlytics has judgment in their favor on the Second Amended Complaint and that MPD takes nothing thereunder;

(b) that all costs of this action be assessed against MPD; and

(c) that Cardlytics has such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted this 23rd day of December, 2013.

**CARDLYTICS, INC.**

By its attorneys,

/s/ Christopher A. Riley
Christopher A. Riley**
Nicholas H. Lynton**
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: 404-881-7000
Fax: 404-881-7777
chris.riley@alston.com
nick.lynton@alston.com

-and-

Sandra Sue McQuay (BBO # 340120)
HIRSCH ROBERTS WEINSTEIN LLP
Two Park Plaza, Suite 610
Boston, Massachusetts 02116
Phone : 617-348-4300
Fax: 617-348-4343
smcquay@hrwlawyers.com

*** Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 23, 2013.

/s/ Christopher A. Riley
Christopher A. Riley